IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PREMIER POOL MANAGEMENT CORP, a Nevada corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>FRANKLIN DEAN LUSK, an individual; JASON LUSK, DBA SMARTPROSEO, an individual,<br><br>        Defendants.<br>_____ | 2:11-cv-02896-GEB-CKD<br><br><u>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE; FED. R. CIV. P. 4(M) NOTICE</u> |

        The November 2, 2011, Order Setting Status (Pretrial Scheduling) Conference ("Order") scheduled a status conference in this case on February 27, 2012, and required the parties to file a joint status report no later than fourteen (14) days prior to the Status Conference. The Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

        Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than February 27, 2012, why sanctions should not be imposed against it and/or its counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or its counsel is at fault, and whether a hearing is requested on the OSC.[1] If

---

[1] "If the fault lies with the attorney, that is where the impact
(continued...)

a hearing is requested, it will be held on April 23, 2012, at 9:00 a.m., just prior to the Status Conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the Status Conference.

Further, Plaintiff is notified under Rule 4(m) of the Federal Rules of Civil Procedure that failure to serve Defendant Jason Lusk dba Smartproseo with process within the 120 day period prescribed in that Rule may result in the unserved defendant being dismissed. To avoid dismissal, on or before March 5, 2012, Plaintiff shall file proof of service for this defendant or a sufficient explanation why service was not effected within Rule 4(m)'s prescribed service period.

IT IS SO ORDERED.

Dated:  February 16, 2012

GARLAND E. BURRELL, JR.
United States District Judge

---

[1](...continued)
of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2