MARK R. LEONARD (State Bar No. 219186)
DAVIS & LEONARD, LLP
8880 Cal Center Drive
Suite 180
Sacramento, California 95826
Telephone: (916) 362-9000
Fax: (916) 362-9066
E-mail: mleonard@davisandleonard.com

Attorneys for Plaintiff
Premier Pool Management Corp.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PREMIER POOL MANAGEMENT CORP, a Nevada corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>FRANKLIN DEAN LUSK, an individual; JASON LUSK, DBA SMARTPROSEO, an individual.<br><br>    Defendants. | CASE NO. 2:11−CV−02896−GEB −CKD<br><br>**DECLARATION OF PAUL PORTER IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

I, Paul Porter, declare as follows:

1.  I am the Chief Executive Officer of Plaintiff Premier Pool Management Corp. ("PPMC"), the Plaintiff in this action. I make this declaration in support of PPMC's motion for default against Defendant Franklin Dean Lusk ("D. Lusk"). I have personal knowledge of the facts stated in this declaration and if called as a witness could and would competently testify thereto.

2.  I have served as PPMC's CEO since October 1, 2010. As CEO, I work daily with all aspects of our business and other members of our management team. My duties are to oversee all the departments in PPMC and to ensure that we continue to strategically and profitably grow our licensing business, including marketing, business development,

-1-

accounting, and vendor negotiations and partnerships. I am personally involved in all major decisions made within each department and have final say in all business decisions. Prior to this position, I was CEO of Premier Pools Inc., DBA Premier Pools and Spas ("PPS"). My partner in this corporation, Keith Harbeck, and I started this business in December 1989 and my duties from then to October 1, 2010 were to negotiate all vendor contracts and oversee all aspects of sales and marketing, including daily management of all sales and marketing personnel. PPS is a now a licensee of PPMC

3. PPMC, through its licensee PPS, has offered swimming pool and spa construction services under the mark PREMIER POOLS & SPAS (the "PPMC Mark") since at least as early as December 12, 1989 and in interstate commerce since at least as early as 2001. PPMC offers a full range of marketing services, including website management, creation of printed marketing materials, search engine optimization ("SEO") pay per click online ad management, and licensing of the PPMC Mark to pool construction companies throughout the United States. PPMC continues to support PPS in their marketing efforts by providing online SEO and pay per click ad management, as well as online reputation and website management. I personally oversee all internet marketing on a daily basis. Internet advertising is a major component of PPMC's advertising services to its licensees. PPMC, through vendors, seeks to ensure that its licensees' websites appear prominently in internet search results for pool construction companies.

4. In or about June 2006, PPS applied to register the PPMC Mark with the United States Patent and Trademark Office ("USPTO"). On or about November 2, 2006 the USPTO issued an office action refusing registration of the PPMC Mark based on an alleged conflict with a prior registration for the mark PREMIER POOLS CONSTRUCTION, INC., owned by Premier Pools Construction, Inc. (the "PPCI Mark"), a pool construction company located in Florida.

5. In or about December 2006, I instructed PPS's attorney, Mark R, Leonard, to began negotiations with PPCI to obtain PPCI's consent for registration of the PPMC Mark. Those negotiations continued for several months, but were ultimately unsuccessful.

PPS abandoned its trademark application in or about May 2007, but continued to offer pool and spa construction services under the PPMC Mark.

6. In or about August 2011, PPMC began searching for a new vendor to assist with its SEO services. PPMC identified SmartPro in that search and contacted SmartPro to inquire about the SEO services it could provide to PPMC. In or about mid-August 2011 SmartPro sent its sales agent, Michael Ribeiro, to meet with PPMC about SmartPro becoming a PPMC SEO vendor. Ribeiro met with me at PPMC's offices in Gold River, California. The meeting was successful and in or about late August/early September 2011 PPMC entered into an agreement with SmartPro for SEO services. In the course of SmartPro's work for PPMC I spoke with defendant D. Lusk regularly, sometimes several times per week, regarding SmartPro's SEO services for PPMC and its licensees.

7. On or about August 4, 2011, PPCI's president, Kevin Boissy, sent me an email to ask if PPMC was still interested in potentially acquiring the PPCI Registration. During a subsequent telephone conversation in August 2011, Boissy told me that PPCI wanted to sell the registration because Boissy was interested in winding down the business, that PPCI only built a couple of pools a year and that it only built pools in central Florida. Boissy suggested a sale price of $5,000 and asked me to provide a draft agreement for the assignment of the PPCI Registration. I accepted the offer and sent Boissy a draft agreement on about September 4, 2011.

8. In or about late September 2011, I received a telephone call from Amber Davis, who informed me that she was PPCI's attorney. During that call she told me that another party had made a higher offer for the PPCI Registration and invited me to increase PPMC's $5,000 offer. I told her that I believed PPMC had already purchased it based on my acceptance of Boissy's earlier offer. I also told her I would not renegotiate the deal and declined to offer additional money.

9. On or about October 24, 2011, PPMC received a notification from one of its web hosting vendors, Rackspace, informing PPMC that it had received a complaint from D. Lusk regarding PPMC's use of the PPMC Mark on a website hosted by Rackspace,

1  premierpoolsaz.com. D. Lusk's complaint claimed that he was the owner of the PPCI

2  Registration, that PPMC did not have permission from him to use the term "Premier" in

3  connection with its licensee's pool construction services, and "immediately cease and

4  desist any hosting services" Rackspace was providing to PPMC.

5      10.    I directed Mr. Leonard to respond to Rackspace and attempt to resolve the

6  issue so that PPMC would not have to move its websites to a new hosting company. By

7  October 28, 2011 the dispute was still not resolved so on or about October 29, 2011 I

8  signed an agreement on PPMC's behalf for Biggiweb Internet Solutions, Inc. based in

9  Phoenix, AZ to provide hosting services to PPMC's licensees' websites.

10     11.    During none of my conversations with D. Lusk did he say that he, nor any

11 company associated with him, was ever involved in the pool construction business. I have

12 never heard from any other source that D. Lusk, nor any company associated with him,

13 was previously or currently involved in the pool construction business.

14

15     I declare under penalty of perjury under the laws of the United States of America

16 that the foregoing is true and correct and that this declaration was executed on March __,

17 2012 in Sacramento, California.

18

19                                             _Paul Porter_

20

21                 3/12/2012

22

23

24

25

26

27

28